## *In re* TRENOR'S ESTATE.

### (*Surrogate's Court, New York County.* October 22, 1888.)

WILLS—EVIDENCE OF EXECUTION.
    Where a testator declares to two subscribing witness that a paper to which his name was signed is his will, and then asks them to sign as witnesses, he sufficiently acknowledges his signature.

Application for the probate of a will.

*E. L. Fancher*, for executor. *A. M. Clute*, for Glen Cove Manufacturing Company.

RANSOM, S. The *factum* of the will was established by the testimony of the subscribing witnesses. A careful perusal of the evidence has cleared my mind of the doubts I had on that point. One of the subscribing witnesses, Mrs. Meyer, did not testify that she heard the testator acknowledge his signature to the paper at the time she signed as a witness, but the testimony of the other subscribing witness, her husband, convinces me that she did, in fact, hear him acknowledge it, but has forgotten. In the light of the authorities cited by proponent's counsel, the testator's declaration to both subscribing witnesses that the paper to which his name then appeared visible to them was his last will, and his request to them then made that they sign it as witnesses, it must be held that he duly acknowledged his signature to them both. It is not, therefore, necessary for me to consider the question of the competency of the evidence of the outside witnesses, who testified that all the requisites of the statute for the due execution of the will were complied with. I am strongly inclined, however, to agree with learned counsel for the contestants that his frank admission in argument that such evidence was competent is sustained by the decision of our court of last resort. If such be the rule, it seems clear to me that the door is thrown open wide for the perpetration of gross fraud. The subscribing witnesses should be in attendance on the next hearing for cross-examination by counsel of contestants.